(November 25, 1919.)

## INDEPENDENT SCHOOL DISTRICT No. 12 OF LINCOLN COUNTY, IDAHO, Respondent, v. CHARLES MANNING, A. F. AMES and M. CHRISTIAN, as Board of Trustees of School District No. 11 of Minidoka County, Idaho, Appellants.

[185 Pac. 723.]

CONSTITUTIONAL LAW TAXATION—STATUTORY CONSTRUCTION.

1. An obligation imposed by law is not within the inhibition of art. 8, sec. 3, of the constitution of Idaho.

2. In a case of the kind here under consideration the court will look beyond the judgment to the cause of action on which it is

founded to determine whether authority exists to levy a tax in satisfaction of it.

3.   An act of the legislature imposing an obligation upon a school district carries with it power to levy a tax sufficient to pay it unless a contrary intention appears from the act, or from a general law in force at the time it was passed.

[As to the power of legislature to delegate taxing power to school district, see note in 8 Ann. Cas. 535.]

APPEAL from the District Court of the Fourth Judicial District, for Minidoka County. Hon. Wm. A. Babcock, Judge.

Action for *mandamus* to compel the levy of a tax. Judgment was for plaintiff. *Affirmed.*

S. T. Lowe, for Appellants.

The judgment of the court, directing that a peremptory writ of mandate issue compelling the defendants to levy a sufficient tax to pay the judgment recovered against the school district No. 11 of Minidoka County compels the defendants to do what they have no authority of law to do.   (Art. 7, sec. 6, and art. 8, sec. 3, Idaho Const.)

"*Mandamus* will not lie in any case for such purpose, unless the relator's right to have the levy made is clearly established, and the power or duty to levy the tax is expressly or impliedly given or imposed by statute, and it is clear; or to levy a special tax where the municipality has already reached, in taxing for current expenses or otherwise, the limit of its taxing power as fixed by law."   (26 Cyc. 325; *State v. Sheldon*, 53 Neb. 365, 73 N. W. 694; *Portland Savings Bank v. City of Montesano*, 14 Wash. 570, 45 Pac. 158; *Phelps v. Lodge*, 60 Kan. 122, 55 Pac. 840.)

Paul S. Haddock, for Respondent.

In determining the power of a municipality to levy a tax in payment of a judgment, you may look beyond the judgment to examine into the cause of action on which such judg-

ment was rendered. (*State ex rel. Young v. Royse,* 3 Neb. (Unof.) 262, 91 N. W. 559.)

"Limitations on municipal indebtedness do not apply to such liabilities as are cast by law upon the corporation, but only to those created by voluntary acts or contracts." (28 Cyc. 1541; *McCracken v. City of San Francisco,* 16 Cal. 591; *Arthur v. City of Petaluma,* 27 Cal. App. 782, 151 Pac. 183.)

Where a city has power to contract a debt, by necessary implication it has power to pay it, which undoubtedly is taxation. (*State v. City of Milwaukee,* 25 Wis. 122 (133); McQuillin on Municipal Ordinances, sec. 401; *Minden Edison Light & P. Co. v. City of Minden,* 94 Neb. 161, 142 N. W. 673; *City of Cleveland v. United States,* 111 Fed. 341, 49 C. C. A. 383; *State v. Bristol,* 109 Tenn. 315, 70 S. W. 1031.)

MORGAN, C. J.—Respondent's purpose in commencing this action was to procure a writ of mandate commanding appellants to levy a tax sufficient to pay a judgment in its favor recovered pursuant to the report of appraisers appointed to divide the assets and liabilities of a school district which contained territory now embraced within the boundaries of School District No. 11 of Minidoka county and Independent School District No. 12 of Lincoln county, and which was divided by an act of the legislature creating the county of Minidoka from territory theretofore embraced within the boundaries of the county of Lincoln (Sess. Laws 1913, chap. 3, sec. 16, p. 12). It is provided in that act that in case the boundary between the counties of Lincoln and Minidoka shall divide a school district, each fraction thereby created shall be, by the county commissioners of the county wherein it is located, attached to an adjoining district and that all money or property belonging to any district thus divided, as well as its bonded and floating indebtedness, shall be apportioned and divided between the different parts thereof according to their assessed valuation.

Appellants contend their district is prohibited by the state constitution, art. 8, sec. 3, from incurring any indebtedness exceeding the income and revenue provided for it for the

year in which it is incurred, without a vote of the electors thereof as provided for in that section. The obligation involved in this case is imposed by law and is not within the constitutional inhibition. (28 Cyc. 1541; *Arthur v. City of Petaluma,* 27 Cal. App. 782, 151 Pac. 183.)

It is further contended the board of trustees cannot be compelled by mandate to levy a tax in excess of the amount authorized by statute, which is ten mills on each dollar of taxable property, that being the maximum which may be levied "for the purpose of raising money for building or repairing school property, for school equipment, or for the support and maintenance of the schools" (C. S., sec. 878), and that it is not shown the amount sought to be raised can be secured by the levy of such maximum upon all the taxable property within the district.

In a case of this kind the court will look beyond the judgment to the cause of action on which it is founded to determine whether authority exists to levy a tax in satisfaction of it. (*State ex rel. Young v. Royse et al.,* 3 Neb. (Unof.) 262, 91 N. W. 559.)

The rule is well established that a grant of power to contract an extraordinary debt carries with it power to levy taxes sufficient to pay it unless a contrary intention appears from the act granting the power, or from a general law in force at the time it was passed. (*Minden-Edison Light & Power Co. v. City of Minden,* 94 Neb. 161, 142 N. W. 673; *United States v. New Orleans,* 98 U. S. 381, 25 L. ed. 225.)

No reason has been suggested, and we know of none, why that rule should not apply to this case. This obligation is imposed by law, but, so far as this question is concerned, that is equivalent to a grant by the legislature of authority to the district to contract it; the indebtedness is of an extraordinary character, not contemplated by C. S., sec. 878, nor by any other general law; neither the act imposing the obligation nor any law in force at the time it was passed contains a provision indicating it was not the legislative intention that a sufficient tax should be levied to pay the debt and, therefore,

power to do so is implied from the act of the legislature imposing the obligation upon the district.

The judgment is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.